(No. 87-CC-1345— <span>█</span>

LEROY TERRY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 23, 1991.*

JAN SUSLER, for Claimant.

ROLAND W. BURRIS, Attorney General (ERIN M. O'CONNELL and STEVEN SCHMALL, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This cause was originally tried on April 12, 1989, before Commissioner Terrence Lyons. Subsequently,

Mr. Lyons ceased to be a commissioner of this Court, and this case was assigned to Commissioner Michael Fryzel. The Court offered a new hearing before Commissioner Fryzel, which both parties waived. The Claimant did file a brief after the case was assigned to the new commissioner, but the Respondent did not.

On May 6, 1986, the Claimant was a resident of the Illinois Department of Corrections at the Graham Correction Center. At that time, the Claimant alleges he was injured while lifting weights. He claims that the weight bar slipped from his hands and fell on his chin, resulting in 22 stitches. As a result of the injury, the Claimant has a scar on his chin and claims he has suffered emotional distress. The Claimant further alleges that the equipment provided by the Illinois Department of Corrections was faulty. He specifically states that the weight bar he was using was warped, and the grip on the bar was worn thin.

The Respondent denies any negligence on its part. Furthermore, the Respondent alleges that the Claimant assumed the risk of the activity when he utilized the weights, fully realizing any and all risks that might be involved in the activity.

During the trial of this case, the Claimant testified that while he was lifting weights, three "spotters" assisted him. According to the Claimant, spotters are individuals who stand next to you while you are lifting weights to ensure that you are not injured. However, the Claimant could not remember the names of any of the spotters present when he suffered his injuries. In addition, the Claimant did not produce any other witnesses to the actual occurrence alleged in his complaint.

However, the Respondent produced a witness, the leisure time activity supervisor at Graham Correctional

Center. The supervisor stated he personally checked the inventory of the weight lifting equipment on a quarterly basis. He would remove any unsafe equipment found during the check. He checked the equipment the month prior to the incident in question. He did not remember if he removed any weight lifting bars during that check.

It is not disputed that the State owes a duty to the Claimant while he is incarcerated. If recreational equipment is provided for any use, that equipment must be in good condition. However, in order for the Respondent to be liable for the Claimant's injuries, the Claimant must show that the State somehow breached that duty. Here, the evidence and testimony produced does not support a finding of liability.

For this reason, we deny liability, and therefore, we hereby deny this claim.